1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9

10   FADI SAID SEIF,                    )   No. EDCV 12-737 GHK (FFM)
                                        )
11                  Petitioner,         )   ORDER RE SUMMARY DISMISSAL
                                        )   OF ACTION WITHOUT PREJUDICE
12        v.                            )
                                        )
13   COMMANDER-CAPTAIN JON              )
     MARHOEFER, ADELANTO               )
14   DETENTION CENTER,                  )
                                        )
15                  Respondent.         )
                                        )
16   _____)

17        On or about May 1, 2012, petitioner constructively filed a Petition for Writ

18   of Habeas Corpus ("Petition") in this Court.  The Petition raised a claim

19   concerning application of the Convention on the Transfer of Sentenced Persons.

20   As such, the Petition was docketed as a Petition for Writ of Habeas Corpus

21   pursuant to 28 U.S.C. § 2241.  The Court dismissed the Petition with leave to

22   amend on the ground that the Petition improperly named the State of California as

23   the respondent, instead of petitioner's custodian.

24        On or about June 13, 2012, petitioner filed a First Amended Petition (the

25   "FAP").  The FAP now names petitioner's custodian.  The FAP is contained on

26   the form provided for persons in state custody challenging their conviction or

27   sentence pursuant to 28 U.S.C. § 2254.  The FAP drops the claim relating to the

28   / / /

1  convention on the Transfer of Sentenced Persons and raises claims challenging the

2  propriety of petitioner's conviction and sentence.

3      As a matter of comity, a federal court will not entertain a habeas corpus

4  petition unless the petitioner has exhausted the available state judicial remedies on

5  every ground presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518-22, 102

6  S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  The habeas statute now explicitly provides

7  that a habeas petition brought by a person in state custody "shall not be granted

8  unless it appears that -- (A) the applicant has exhausted the remedies available in

9  the courts of the State; or (B)(i) there is an absence of available State corrective

10  process; or (ii) circumstances exist that render such process ineffective

11  to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Moreover, if the

12  exhaustion requirement is to be waived, it must be waived expressly by the State,

13  through counsel.  *See* 28 U.S.C. § 2254(b)(3).

14      Exhaustion requires that the prisoner's contentions be fairly presented to the

15  state courts, and be disposed of on the merits by the highest court of the state.

16  *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979).  A claim has not been fairly

17  presented unless the prisoner has described in the state court proceedings both the

18  operative facts and the federal legal theory on which his claim is based.  *See*

19  *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865

20  (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438

21  (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).  A federal court may

22  raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that

23  ground.  *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992);

24  *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*); *see also*

25  *Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119

26  (1987).

27  / / /

28  / / /

1    Petitioner has the burden of demonstrating that he has exhausted available

2   state remedies.  *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3rd Cir. 1982).

3   Here, it plainly appears from the face of the FAP that petitioner cannot meet this

4   burden with respect to any of the claims being alleged by him.  Petitioner alleges

5   that he has not filed any petition for collateral relief in the California Supreme

6   Court.  (FAP at 3.)  Petitioner also alleges that he did not present any claims to the

7   California Supreme Court on direct review.  (*Id*.)

8    Because petitioner has not raised any of his present claims with the

9   California Supreme Court, the FAP is entirely unexhausted.

10    If it were clear that the California Supreme Court would hold that

11   petitioner's unexhausted federal constitutional claims were procedurally barred

12   under state law, then the exhaustion requirement would be satisfied.  In that event,

13   although the exhaustion impediment to consideration of petitioner's claims on the

14   merits would be removed, federal habeas review of the claims would still be

15   barred unless petitioner could demonstrate "cause" for the default and "actual

16   prejudice" as a result of the alleged violation of federal law, or demonstrate that

17   failure to consider the claims would result in a "fundamental miscarriage of

18   justice."  *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L.

19   Ed. 2d 640 (1991).  However, it is not "clear" here that the California Supreme

20   Court will hold that petitioner's federal constitutional claims are procedurally

21   barred under state law.  *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993)

22   (granting habeas relief where petitioner claimed sentencing error, even though the

23   alleged sentencing error could have been raised on direct appeal); *People v.*

24   *Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental

25   constitutional rights have been violated may be raised by state habeas petition).

26    The Court therefore concludes that this is not an appropriate case for

27   invocation of either exception to the exhaustion requirement regarding the

28   existence of an effective state corrective process.

1    Therefore, the FAP is subject to dismissal.

2        IT IS THEREFORE ORDERED that this action be summarily dismissed

3  without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases

4  in the United States District Courts.

5        LET JUDGEMENT BE ENTERED ACCORDINGLY.

6

7  DATED: <u>6/26/12</u>

8                                                    _____

9                                                    GEORGE H. KING
                                                     United States District Judge

10

11  Presented by:

12

13   <u>/S/ FREDERICK F. MUMM</u>
        FREDERICK F. MUMM

14  United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28